UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| KRISTEN DEITER, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:22-cv-00030 |
| TENNESSEE TECHNOLOGICAL UNIVERSITY, | ) ) ) ) | |
| Defendant. | ) | |

## ORDER

In accordance with the discussions at the final pretrial conference on November 22, 2024, the Court confirms the following:

(1) Trial will begin at 9:00 a.m. on Friday, December 6, 2024, at the United States Courthouse, 9 East Broad Street, 2nd Floor, Cookeville, TN.

(2) The Court will summon approximately 30 individuals for the jury pool, and it will seat 8 or 9 jurors. There will be no alternates.

(3) The Plaintiff and the Defendant will be allowed 3 peremptory challenges each. Each party shall exercise their peremptory challenges simultaneously. There will be no back-striking.

(4) After the Court concludes its preliminary voir dire, the Plaintiff and the Defendant may have up to fifteen (15) minutes to conduct follow-up voir dire. Only one lawyer for the Plaintiff and one lawyer for the Defendant may question jurors during voir dire. That voir dire shall be limited to questions pertaining to whether a juror is suitable for this particular case.

(5) Opening statements and closing arguments will be limited to fifteen (15) minutes for each party. The parties may use demonstrative exhibits, but only if those exhibits have been

shared with opposing counsel and there are no unresolved objections.

(6) Each witness will only be called once for all purposes, and examinations will be limited to direct, cross, and redirect. If a lawyer interposes an objection during direct examination, that lawyer must conduct the cross examination of that witness.

(7) The use of foul language shall be kept to a minimum. Once a profane word has been stated by a witness, it shall thereafter be referred to by its first initial, such as the "F-word." Additionally, although it might be necessary for some witnesses to refer to others by their nicknames or monikers, that use, too, shall be kept to an absolute minimum.

(8) Each trial day will begin at approximately 9:00 a.m. and conclude around 5:00 p.m. The Court will take two short breaks in the morning and afternoon, and a longer break for lunch. Absent exceptional circumstances and for good cause shown, the Court expects all counsel to be present all day, every day of trial. Defendant's corporate representative shall also be present all day during trial.

(9) The parties shall provide chambers with an original and four (4) *additional* copies of the "Joint Exhibits" to be used at trial in three-ring binders, along with a thumb drive containing those exhibits electronically. The binders shall include a table of contents that corresponds to the exhibit number, and each exhibit shall be separated by a tab. Plaintiff shall also do the same with her proposed exhibits, and Defendant shall also do the same with its proposed exhibits. The parties' Joint Exhibits will be admitted immediately after opening statements have been concluded.

(10) Counsel shall make an arrangement with the Court reporter to the extent that they want a rough draft of a day's proceedings or witnesses. The Court will not require citations to the official transcripts when arguments (written or oral) are presented during trial – counsel may simply refer to the rough transcripts.

(11) During trial, counsel are expected to provide their opponents with a rolling list of witnesses expected to be called and exhibits to be used the following day.

(12) As discussed during the pretrial conference, the parties shall confer and file a joint notice by 4:30 p.m. on **December 2, 2024**, that provides the following information:

    a. Whether either party will be using demonstrative exhibits during trial, and if so, confirmation that a copy of those demonstratives has been provided to the opposing party, and whether there are any objections.

    b. Confirmation that four (4) copies of all exhibits to be introduced at trial, as well as a thumb drive with electronic copies of the exhibits, have been delivered to chambers at the following address:

> United States District Court
> Middle District of Tennessee
> 719 Church Street, Room 5125
> Nashville, TN 37203

    c. Confirmation that the parties met and conferred regarding any additional factual stipulations to make before trial.

(13) For the reasons stated on the record, the Court rules on the pending motions in limine as follows:

    a. Plaintiff's Motion in Limine No. 1 to exclude evidence of Plaintiff's communications with Dr. Julia Gruber regarding Gruber's claims of discrimination (Doc. No. 81) is **GRANTED**.

    b. Plaintiff's Motion in Limine No. 2 to exclude evidence of communications with Dr. Josephine McQuail regarding McQuail's claims of discrimination (Doc. No. 82) is **GRANTED**.

    c. Plaintiff's Motion in Limine No. 3 to exclude evidence of complaints to Dr.

Lori Bruce regarding colleagues in the English Department (Doc. No. 83) is **GRANTED IN PART** and **DENIED IN PART**. The motion is granted to the extent it seeks to exclude evidence about Plaintiff's complaints about her colleagues, but it is denied in all other respects.

        d.      Plaintiff's Motion in Limine No. 4 to exclude evidence of settlement negotiations (Doc. No. 84) is **GRANTED**.

        e.      Plaintiff's Motion in Limine No. 5 to exclude evidence at trial of Plaintiff's membership in and communications with the Tennessee Education Association (Doc. No. 85) is **GRANTED**.

        f.      Plaintiff's Motion in Limine No. 6 to exclude evidence relating to subsequent applications for Promotion (Doc. No. 86) **GRANTED**. If applicable, witnesses may testify that Plaintiff was denied her first attempt for promotion to Full Professor, and that she applied at the earliest time she could have applied. But witnesses may not testify about the fact that Plaintiff did not reapply for the promotion after being denied the first time.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE